UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JOHN TERRELL,

         Defendant.

Criminal No. 05-171

05-2411M-01

**FILED**

MAY 1 7 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**DETENTION MEMORANDUM**

The Defendant, John Terrell, has been charged in an indictment with possession of a firearm and the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held May 12, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

**Findings of Fact**

A grand jury has found probable cause to believe that on April 28, 2005, the Defendant was

- 1 -

stopped by officers of the Metropolitan Police Department at approximately 3:10 p.m. in the area of Chesapeake Street, S.E., within the District of Columbia. In the glove box of the vehicle, the police found a .357 Sig Sauer semi-automatic handgun. The glove box had been opened by a key that the Defendant had in his possession. In 1998, the Defendant was convicted of a felony in the Commonwealth of Virginia for unlawful wounding.

## Discussion

A grand jury has found that there is probable cause to believe that the Defendant committed an offense in violation of 18 U.S.C. § 922(g)(1).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where, as here, the offense pending against the defendant is not a crime of violence, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an

accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The first factor, the nature and circumstances of the offense, favors detention. Unlawful possession of firearms and ammunition is a serious offense. The Officers found the firearm in the glove box of an automobile being driven by, and owned by the Defendant.

The second factor, the weight of the evidence, again supports detention. The Defendant was found in immediate possession of the loaded firearm.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has had several prior encounters with the criminal justice system. Notable to the Court, this Defendant has a prior charge for resisting arrest, and was in poor compliance with a prior probationary term.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves a handgun. The rampant epidemic of shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can hardly be overstated.

## Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released pretrial. Therefore, the government's motion for pretrial detention is granted.

Dated: May 17, 2005

_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE