IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>            Plaintiff,  )<br>  )<br>v.  )<br>  )   Criminal No. 05-171 (JR)<br>JOHN J. TERRELL,  )<br>  )<br>            Defendant.  )<br>_____ )| |

**MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING**

Defendant, John J. Terrell, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. This motion is made pursuant to Fed. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS[1]**

Mr. Terrell is charged, in a one-count indictment filed on May 12, 2005, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

According to the Metropolitan Police Department Arrest Report (or "PD 163") filed in this case, members of the 7th District were working jointly with members of the Alcohol,

---

[1] This statement of the facts is a summary based on the P.D. 163 police report and the Rule 16 statements the government indicates Mr. Terrell made in its discovery response. By including in this motion the facts as alleged by government witnesses, Mr. Terrell does not in any way concede that these facts are accurate or true.

Tobacco and Firearms force in the vicinity of the 800 block of Chesapeake Avenue, SE on the afternoon of April 29, 2005. A few minutes after 3:00 p.m. on that day, a traffic stop of a 2003 Chevy Impala that was allegedly "operating at a high rate of speed" was conducted at the "intersection of 800 and Chesapeake SE."

Following the traffic stop, Mr. Terrell–the driver of the Chevy Impala–was allegedly asked for his driver's permit and vehicle registration and, upon allegedly failing to produce them, placed under arrest. A search following the arrest allegedly revealed a firearm in the locked glove compartment of the vehicle.

**ARGUMENT**

I.  **THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF MR. TERRELL'S ILLEGAL STOP AND ARREST.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable," they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Mr. Terrell–as well as the search of the vehicle he was driving–were conducted in the absence of a warrant and based on no legitimate exception to the warrant requirement. Mr. Terrell's stop, as well as the resulting search and seizure conducted by the law enforcement officers, were therefore unreasonable. Exclusion of the evidence recovered as a result of this Fourth Amendment violation is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963).

A seizure occurs in one of two circumstances: (1) officers apply physical force to the individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991). In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "'may be afoot.'" United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the seizing officers at the time they stopped Mr. Terrell justified that seizure. See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980)

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Terrell's stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Terrell when they did. Because the firearm was recovered after Mr. Terrell was illegally seized, the physical evidence must be suppressed as the tainted fruit of the illegal seizure. Taylor, 457 U.S. 687 (1982); Wong Sun, 371 U.S. 471 (1963).

II. **THE PHYSICAL EVIDENCE MUST BE SUPPRESSED AS THE TAINTED FRUIT OF THE ILLEGAL VEHICLE SEARCH**

Warrantless searches are presumptively illegal. Katz v. United States, 389 U.S. 347 (1967). Once it is established that a warrantless search occurred, the burden is on the government to establish by a preponderance of the evidence that their conduct was within one of the recognized exceptions to the warrant requirement and was reasonable. *See* United States v. Jeffers, 342 U.S. 48, 51 (1951); United States v. Whitten, 706 U.S. F2d 1000, 1016 (9th Cir. 1983).

Searches which extend to an area that was not possibly within the arrestee's control at the time of arrest are prohibited by the Fourth Amendment. *See, e.g.,* United States v. Strahan, 984 F.2d 155, 159 (6th Cir. 1993) (where defendant was arrested 30 feet away from his car, the passenger compartment was not within his immediate control at the time of arrest and was illegally searched.

In the case at hand, the search of the locked glove compartment was conducted after Mr. Terrell had been placed under arrest and handcuffed outside of the vehicle. The government will not be able to prove that the search of the vehicle–and, specifically, of the locked glove compartment–was conducted reasonably or pursuant to a valid exception to the warrant requirement

## **CONCLUSION**

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Terrell requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest and of the following, illegal search. Mr. Terrell respectfully requests

an evidentiary hearing on this motion.

                      Respectfully submitted,

                      A.J. KRAMER
                      FEDERAL PUBLIC DEFENDER


                      _____/s/_____

                      Lara G. Quint
                      Assistant Federal Public Defender
                      625 Indiana Avenue, N.W., Ste 550
                      Washington, D.C. 20004
                      (202) 208-7500


## CERTIFICATE OF SERVICE

I, Lara Gabrielle Quint, Assistant Federal Public Defender, hereby certify that a copy of the motion has been electronically served upon Patricia McBride, Esquire, Assistant United States Attorney

                      /s/
                      LARA G. QUINT
                      Assistant Federal Public Defender

**DATE:** July 14, 2005.