IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>           Plaintiff,       )<br>      v.                            )<br>                                       )    Criminal No. 05-171 (JR)<br>JOHN J. TERRELL         )<br>                                       )<br>           Defendant.      )<br>_____) | |

## OPPOSITION TO MOTION TO SUPPRESS EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby opposes defendant John Terrell's motion to suppress evidence and the request for evidentiary hearing. The government respectfully submits that this Court should deny the defendant's motion to suppress and request for evidentiary hearing. The government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

## FACTUAL BACKGROUND

John Terrell is charged in a one-count indictment filed on May 12, 2005, with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1).

On April 28, 2005, Officer Dailey was working in the area of the 800 block of Chesapeake Street, SE. A little after 3:00 pm on that day, Officer Dailey observed a 2003 Chevrolet Impala automobile driving erratically at a high rate of speed. The officer subsequently initiated a traffic stop after observing that the vehicle almost collided with a bus and that the driver was not wearing a seatbelt. Further investigation revealed that the driver, John Terrell's

Virginia driver's license had been suspended and police arrested the defendant for operating a vehicle without a permit.

During a search of the vehicle incident to the arrest, officers located a .357 Sig Sauer semi-automatic handgun in the glove box of the vehicle. The glove box was opened with a key that the defendant had in his possession. Also recovered from the glove box, was a vehicle maintenance receipt in the defendant's name. Inside a gym bag found in the rear seat of the vehicle, officers located a prescription medicine bottle with the defendant's name on it, and a child safety gun lock.

Defendant's criminal history records showed that the defendant had been convicted of the felony offense of unlawful wounding in the Commonwealth of Virginia in 1998 punishable by imprisonment for a term exceeding one year.

## ARGUMENT

I.  **POLICE HAD REASONABLE ARTICULABLE SUSPICION TO STOP DEFENDANT AND PROBABLE CAUSE TO ARREST HIM, WHICH MAKES HIS STOP AND ARREST LEGAL, AND PHYSICAL EVIDENCE OBTAINED AS A RESULT MUST NOT BE SUPPRESSED**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable" they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Defendant Terrell–as well as the search of the vehicle he was driving–were conducted in the absence of a warrant but were based on a legitimate exception to the warrant requirement. Defendant Terrell's stop, as well as the resulting search and seizure conducted by

the law enforcement officers, were therefore reasonable. Evidence recovered as a result of this does not violate the Fourth Amendment and should not be excluded.

A seizure occurs in one of two circumstances: (1) officers apply physical force to the individual, and/or (2) the individual submits to a show of authority by law enforcement officers. California v. Hodari D., 499 U.S. 621, 626 (1991). In order to seize an individual, officers must have either (1) probable cause to arrest the individual, see Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exist "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "may be afoot." United States v. Sokolow, 490 U.S. 1, 7 (1989) (citing Terry, 392 U.S. at 30).

In this case, the facts establish that Defendant Terrell's stop and seizure were lawful and that there was probable cause to support his arrest. The government can demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Defendant Terrell when they did. Because the firearm was recovered after Defendant Terrell was legally sized, the physical evidence should not be suppressed.

**II.  VEHICLE SEARCH WAS LEGAL, AND PHYSICAL EVIDENCE OBTAINED AS A RESULT MUST NOT BE SUPPRESSED**

In Chimel v. California, 359 U.S. 752 (1961), the Supreme Court held that, incident to a lawful arrest, the police may properly search the area within the arrestee's "immediate control."

See In re Sealed Case 96-3167, 153 F.3d 759 (D.C. Cir. 1998) (noting that "search incident to arrest" is one exception to the warrant requirement).  We conclude that Defendant Terrell's vehicle falls within the category of an area within the arrestee's "immediate control" that police may briefly search, even without reasonable suspicion as a routine safety precaution.  United States v. Harris, 629 A.2d 481, 493-94 (D.C. 1993).  Furthermore, because the search of the vehicle was legal incident to arrest, the semi-automatic handgun recovered from the glove box of the defendant's vehicle and a child safety gun lock recovered from a bag in the rear of the vehicle should not be suppressed.

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, the government opposes Defendant Terrell's requests that the Court should suppress any evidence obtained by the officers as a result of the arrest and search and that an evidentiary hearing should be held on this matter.  The facts support the legality of the arrest and search, so the Court should allow evidence recovered by the officers during the arrest and search.

Respectfully Submitted,

PATRICIA MCBRIDE
Narcotics Section
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7549