UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,          :
                                   :
    v.                             :  Crim. Action No. 05-0171 (JR)
                                   :
JOHN J. TERRELL, JR.,              :
                                   :
    Defendant.                     :

**MEMORANDUM ORDER**

    Defendant was stopped for erratic driving.  When police discovered that his driver's license was suspended, he was taken from his car, arrested, and handcuffed.  Police then searched the car and discovered a firearm inside the glove box, which had been locked.  Defendant, now charged with felon-in-possession, moves to suppress the firearm, arguing that the arrest and search were unlawful.

    Driving without a license is not only an arrestable offense in the District of Columbia, but, according to the government's only witness, an offense that invariably results in custodial arrest.  That testimony is hard to believe, but it stands unchallenged on the record, and it defeats defendant's claim that his arrest was unlawful.  The disposition of the motion to suppress thus turns on the meaning of <u>New York v. Belton</u>, 453 U.S. 454 (1981), which deals with automobile searches incident to arrest.

Belton's holding is familiar enough: "[W]hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Id. at 460. Also familiar is the Court's reasoning: the Belton rule exists to insure the safety of the police and others nearby, and to prevent the disappearance or destruction of evidence of a crime. Id. at 460-62

The safety rationale, acknowledged in this Circuit as recently as two months ago in U.S. v. Jackson, is that "articles inside the relatively narrow compass of the passenger compartment of an automobile are in fact generally, even if not inevitably, within the 'area into which an arrestee might reach in order to grab a weapon or evidentiary ite[m]'." No. 04-3021 (D.C. Cir.), decided July 22, 2005, slip op. at 4 (internal citations omitted).[1]

If Belton's concern for safety were to govern the outcome of this motion, the evidence recovered from the glove box should be suppressed, for the defendant was outside the car, handcuffed, and could not reach or grab anything, the keys were in a

---

[1] The preservation of evidence rationale is inapplicable here. The Supreme Court's decision in Knowles v. Iowa, 525 U.S. 113 (1998), discussed during oral argument, seems dispositive: this defendant was arrested for driving with a suspended license; the policeman did not need to search for additional evidence of the defendant's guilt of that offense. See 525 U.S. at 118.

policeman's control, and the contents of the locked glove box could not harm anyone.  If Belton simply lays down a "bright line" rule whose original justification is no longer important, however, the motion should be denied.

The Supreme Court's own logic here is not easy to follow. It proceeds from Chimel v. California, 395 U.S. 752 (1969), and Chimel's emphasis on safety, but then migrates to the more abstract notion that the "a lawful custodial arrest justifies the infringement of any privacy interest the arrestee may have."  453 U.S. at 461.

The only other factually similar locked-glove-box decision cited by either side, U.S. v. Woody, 55 F.3d 1257 (7th Cir. 1995), does seem to depend on the safety rationale..  The Seventh Circuit rejected the argument that "the officers could have had no reasonable belief that either [defendant] or the passengers could gain immediate control of any weapon located inside the locked glove compartment," because they anticipated that defendant and his passengers "would return to their car and wait while the officers wrote a citation.  The fact that the officers anticipated allowing the occupants to re-enter the vehicle may be considered in determining whether the officers' protective search of the vehicle was reasonable."  Id. at 1269 (internal citations omitted).

There is nothing in the record to suggest that the MPD officers in this case "anticipated allowing the occupants to re-enter the vehicle." In any case, however, I am not persuaded by the Seventh Circuit's reasoning. Its focus on safety and its willingness to engage in case-by-case evaluation of reasonableness are not, I think, what Belton and its progeny require. Belton is a response to a perceived need for police officers to have clear rules of conduct, and not complex frameworks for analysis.[2] Belton is not about nuance, as most recently demonstrated in the Supreme Court's decision in Thornton v. U.S., 541 U.S. 615 (2004). , which held that it makes no difference, when reviewing a search justified by the Belton ruling, that the arrestee was not inside an automobile at the point of initial police contact.

In Thornton, the Court pointed out that it had previously rejected the suggestion that "there must be litigated in each case the issue of whether or not there was present one of the reasons supporting the authority" to conduct a vehicle search. U.S. v. Robinson, 414 U.S. 218, 235 (1973). The Court repeated that Belton laid down a "clear rule for police officers and citizens alike," a rule that was needed because "courts ha[d] found no workable definition of the 'area within the immediate

---

[2] For a deconstructionist analysis of police officer thinking (or what judges think police officers should be thinking), see U.S. v. Jackson, supra.

control of the arrestee.'"  541 U.S. at 620.  This quotation from Thornton, id. at 623-623, appears finally dispositive of the instant motion:

> "To be sure not all contraband in the passenger compartment is likely to be readily accessible to a 'recent occupant.'  It is unlikely in this case that petitioner could have reached under the driver's seat for his gun once he was outside of his automobile.  But the firearm and the passenger compartment in general were no more inaccessible than were the contraband and the passenger compartment in Belton.  The need for a clear rule, readily understood by police officers and not depending on differing estimates of what items were or were not within reach of an arrestee at any particular moment, justifies the sort of generalization which Belton enunciated.  Once an officer determines that there is probable cause to make an arrest, it is reasonable to allow officers to insure their safety and to preserve evidence by searching the entire passenger compartment."

The motion to suppress, Dkt. #9, is **denied**.


_____
     JAMES ROBERTSON
United States District Judge