```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

UNITED STATES OF AMERICA        :
                                :
         v.                     :    Criminal No. 05-0171 (JR)
                                :
JOHN J. TERRELL                 :

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Mr. John J. Terrell, the defendant, through undersigned counsel, respectfully requests the following jury instructions:

PRELIMINARY INSTRUCTIONS

1.03    Preliminary Instruction Before Trial

1.05    Cautionary Instruction Prior to First Recess

1.21    Preliminary Instruction to Jury Where Identity of Alternates is not Disclosed

1.22    A Juror's Recognition of a Witness or Other Party Connected to the Case

FINAL INSTRUCTIONS

2.01    Function of the Court

2.02    Function of the Jury

2.03    Jury's Recollection Controls

2.04    Evidence in the Case – Stipulations

2.05    Statements of Counsel

2.06    Indictment not Evidence

2.07    Inadmissible and Stricken Evidence

| | |
|---|---|
| 2.08 | Burden of Proof – Presumption of Innocence |
| 2.09 | Reasonable Doubt |
| 2.10 | Direct and Circumstantial Evidence |
| 1.07 | Question not Evidence |
| 2.11 | Credibility of Witness |
| 1.10 | Evaluation of Prior Inconsistent Statement of Witness [IF APPLICABLE] |
| 2.26 | Police Officer's Testimony |
| 2.27 | Right of Defendant Not to Testify [IF APPLICABLE] |
| 2.28 | Defendant as Witness [IF APPLICABLE] |
| 2.13 | Number of Witnesses |
| 2.14 | Nature of Charges not to be Considered |
| 4.79 | Gun Control Act – Possession of Firearm After Conviction of Crime Punishable by More Than One Year |
| 2.51 | Evidence of Other Crimes [MODIFIED – EVIDENCE ADMITTED TO SHOW PREVIOUS FELONY CONVICTION] |

You have heard evidence and the parties have stipulated that the defendant has a prior conviction for an offense punishable by imprisonment for a term exceeding one year. This evidence was admitted only for the purpose of determining whether Mr. Terrell falls within the category of individuals who are covered by the statute. You may not consider this evidence for any other purpose. You may not consider this evidence to conclude that the defendant has a bad character, or that the defendant has a criminal personality. The law

does not allow you to convict a defendant simply because you believe he may have done a bad thing not specifically charged as a crime in this case.  You may not consider this evidence of a prior conviction in deciding whether the government has proved beyond a reasonable doubt that Mr. Terrell possessed the firearm and ammunition admitted as Government's Exhibits 1 and 2, and you may not conclude from this evidence that because the defendant may have a prior conviction that he possessed the firearm and ammunition at issue here.  You may only consider the evidence for the limited purpose of determining whether Mr. Terrell falls within the category of individuals who are prohibited from possessing firearms.

| | |
|---|---|
| 3.08 | Possession – Defined |
| 5.01 | Defense Theory Instruction [TO BE SUBMITTED AFTER GOVERNMENT'S CASE IN CHIEF] |
| 5.06 | Identification |
| 2.73 | Exhibits During Deliberation |
| 2.71 | Election of Foreperson |
| 2.72 | Unanimity |
| 2.75 | Communications Between Court and Jury During Jury's Deliberations |

        Respectfully submitted,


        _____/s/_____
        Mary Manning Petras
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C.  20004
        (202) 208-7500